UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| RAYMOND GERALD VILLEGAS | * | 5:09-CV-00644-DEW-(OPx) |
| --- | --- | --- |
| VERSUS | * | |
| CITY OF COLTON, ET AL. | * | JUDGE DONALD E. WALTER |

## ORDER AND REASONS

Before the Court is a Motion for Relief from a Judgment or Order filed on behalf of the plaintiff pursuant to Fed. R. Civ. P. 60. [Doc. #59]. The defendants oppose this motion. [Doc. #61]. Upon due consideration, **IT IS ORDERED** that the plaintiff's motion [Doc. #59] be and is hereby **DENIED**.

On September 10, 2010, the defendants filed a motion for summary judgment seeking to dismiss the plaintiff's claims in this case. [Doc. #41].[1] On September 22, 2010, the Court issued a notice of motion setting giving the plaintiff twenty-one (21) days from the date of the notice of motion setting to file any opposition brief. [Doc. #50]. The notice of motion setting specifically stated that "OPPOSITION TO THE MOTION MUST BE FILED TIMELY OR THE MOTION WILL BE CONSIDERED UNOPPOSED." [*Id.* (emphasis in original)].[2] The plaintiff did not file an opposition to the motion for summary judgment. On December 9, 2010, the Court issued a memorandum ruling and judgment granting the motion for summary judgment and

---

[1] See Doc. #52 for the factual background of these claims.

[2] A minute order repeating the information found in the Notice of Motion Setting was also issued on September 22, 2010. [Doc. #51].

dismissing the plaintiff's claims with prejudice. [Doc. ## 52 & 53].

On May 18, 2011, the plaintiff filed a motion for relief from this Court's judgment granting the motion for summary judgment and dismissing the plaintiff's claims with prejudice. [Doc. #59]. The plaintiff offers three grounds for his motion for relief from judgment: Rule 60(b)(1), Rule 60(b)(6), and Rule 60(d)(2).

Relief under Rule 60(b)(1)

Rule 60(b)(1) reads: "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for ... mistake, inadvertance, surprise, or excusable neglect." For purposes of Rule 60(b)(1),

> Excusable neglect encompasses situations in which the failure to comply with a filing deadline is attributable to negligence, and includes omissions caused by carelessness. The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. To determine when neglect is excusable, we conduct the equitable analysis specified in *Pioneer* [*Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380 (1993)] by examining at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.

*Lemoge v. U.S.*, 587 F.3d 1188, 1192 (9th Cir. 2009) (internal quotations and citations omitted). Per the instructions of *Lemoge*, the Court analyzes each element of the *Pioneer* test in turn. *Id.*

*1) Prejudice*

Both the potential prejudice to the defendant as well as the potential prejudice to the plaintiff should be considered. *Id.* at 1195. "Prejudice requires greater harm than

2

simply that relief would delay resolution of the case." *Id.* at 1196. The defendants have not argued that they suffered any prejudice other than pointing out that they "are entitled to some finality in the decision making process." [Doc. #61 at 5:24-25].

### *2) Length of Delay*

Per Rule 60(c), Rule 60(b) motions must be filed within a reasonable time. "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the prejudice to the other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981). Plaintiff's counsel does not contend that he did not receive service of the filing of the memorandum ruling and judgment granting the motion for summary judgment. Therefore, he should have known on December 9, 2010, that this case had been dismissed. Nonetheless, he waited five months to file the Rule 60 motion.

### *3) Reason for Delay*

Plaintiff's counsel does not provide a reason for waiting five months to file the Rule 60 motion, nor has he sufficiently demonstrated why he did not file an opposition to the motion for summary judgment. Plaintiff's counsel shows that he was having major health problems during the discovery portion of this case, and he points to several communications with defense counsel between August 2010 and September that outlined his health concerns. But his argument lacks any explanation for why he did not file an opposition to the motion for summary judgment. At a minimum, he could have apprised the Court that his medical issues were an impediment to complete

representation of his client and sought an extension of time to file an opposition to the motion for summary judgment. Instead, he says that defense counsel knew of his medical condition and that he never received any form of notice of a pending motion for summary judgment. The Court is not persuaded.

First, plaintiff's counsel enrolled in the Central District of California's electronic filing and service system. Under this system, plaintiff's counsel elected to provide an email address to which all filings would be sent by the clerk's office in lieu of physical copies. Local Rule 5-3.3 (Service of Electronically Filed Documents) reads:

> Upon the electronic filing of a document, a Notice of Electronic Filing (NEF) is automatically generated by the CM/ECF system and sent by e-mail to all attorneys in the case who are registered as CM/ECF Users and have consented to electronic service. Service by this electronic NEF constitutes service pursuant to the Federal Rules of Civil and Criminal Procedure for all attorneys who have consented to electronic service. Attorneys not registered for the CM/ECF system or who did not consent to electronic service must be served as otherwise provided by the Federal Rules. Documents excluded from electronic filing (refer to General Order 08-02) must be served using traditional means of service in the manner prescribed for such service in the Federal Rules.
> Orders or Other documents electronically filed by the Court will be served on attorneys only by the email NEF unless an attorney is not a registered CM/ECF User or has not consented to electronic service.

The NEF receipts show that electronic service of the motion for summary judgment, notice of motion setting, and minute order was made to plaintiff's counsel's listed email address when those documents were filed.[3] Under Local Rule 5-3.3, such notice

---

[3] Plaintiff's counsel does not suggest that he was not a registered CM/ECF user or that he had not consented to electronic service.

constituted service pursuant to the Federal Rules of Civil Procedure. It is the responsibility of the attorney to keep his contact information up to date and monitor the listed email account. *See* General Order 08-02 (III). Failure to do so does not constitute excusable neglect.

Further, the motion for summary judgment was filed on September 10, 2010, and not granted until December 9, 2010. Plaintiff's counsel had three months to file an opposition or inform the court that more time was needed. The motion for summary judgment, notice of motion setting, and minute order were all visible on the docket during this time, and the docket was easily accessible via the internet. Nonetheless, it appears plaintiff's counsel never checked the docket for this case, which would have informed him that a motion for summary judgment was pending.[4] Otherwise, plaintiff's counsel was aware of the motion for summary judgment but chose not to file an opposition.

Moreover, the sworn declarations of plaintiff's counsel and his paralegal suggest the paralegal contacted defense counsel in mid-October to early November to request consent to continue the trial due to plaintiff's counsel's health issues.[5] They both say that during that call or calls they learned for the first time that there had been a motion for summary judgment filed and granted in favor of the defendants. The motion for summary judgment, however, was not granted until December 9, 2010. Plaintiff's

---

[4] Plaintiff's counsel has not alleged that he could not check the docket.

[5] *See* Doc. #59 at 23:26-24:1; 27:25-28:4.

counsel could not have known the motion was granted at that point. Instead, if plaintiff's counsel learned in October or November of 2010 that a motion for summary judgment had been filed, there was still time for him to contact the court or file a motion for an extension of time to file an opposition. No such motion was filed. That neglect is inexcusable.[6]

*4) Good Faith*

There is no evidence or allegation that Plaintiff's counsel's errors resulted from "deviousness" or "willfulness" that would suggest a lack of good faith. *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002).

*Equitable Conclusion*

Upon consideration of all these factors, the Court is convinced that the balance weighs against granting the plaintiff's Rule 60(b)(1) motion. "'[K]eeping this suit alive

---

[6] The Court is particularly perplexed how plaintiff's counsel can state on page seven of the motion for relief that "On or about September 10th, 2010, the Defendants filed a Notice and Motion for Summary Judgment, the hearing being set for Friday October 8th, 2010. The Motion was heard without opposition being presented and/or any representation by the Plaintiff's Attorney. A Judgment being entered December 9th, 2010 against the Plaintiff." then two pages later state: "In mid-October to early November of 2010, [plaintiff's counsel's] paralegal contacted the Defendants' attorney to advise of [plaintiff's counsel's] scheduled surgery; the requirement to continue the trial date; and to make an inquiry as to whether they would stipulate to the same. It was at this time his office and/or [plaintiff's counsel] learned for the first time that there had been a Motion for Summary Judgment filed and granted in favor of the Defendants." There is a glaring illogic in these statements by saying the Judgment was entered in December but plaintiff's counsel learned in mid-October or early November that the motion for summary judgment had been granted. Moran's emphasis of the hearing date suggests that perhaps he assumed a hearing had been held and an oral grant of the motion given at that time. A review of the notice of motion setting for the motion for summary judgment, however, would have revealed that this Court does not hold hearings on motions unless the Court so specifies. Even if defense counsel incorrectly told plaintiff's counsel's paralegal that the motion for summary judgment had been granted (and plaintiff's counsel does not allege that defense counsel misled him or his paralegal), the prudent action for plaintiff's counsel, then, would have been to check the docket for a written memorandum ruling or the minutes of a hearing on the motion. The docket contained no such documents, which should have informed plaintiff's counsel that the motion was still pending and that he could move for leave to file an opposition or seek an extension of the deadline based on his lack of service and/or his medical issues. No such action was taken.

merely because the plaintiff should not be penalized for the omission of [his] own attorney would be visiting the sins of the plaintiff's lawyers upon the [defendants].'" *Markray v. AT&T-SBC-Pacific Bell Directory*, 2010 WL 3220096 at *2 (C.D.Cal. Aug. 13, 2010) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 634 (1962)). Given plaintiff's counsel's failure to file an opposition to the motion for summary judgment or seek an extension of time to file an opposition after the close of the briefing period, the plaintiff has failed to show that his counsel's neglect was excusable.[7] The Court, therefore, denies the plaintiff's motion for relief under Rule 60(b)(1).

Relief under Rule 60(b)(6)

Rule 60(b)(1) states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for... any other reason that justifies relief." Relief under Rule 60(b)(6) must be sought in a reasonable time and premised upon grounds not enumerated in 60(b)(1)-(5). *Liljeberg v. Health Servs. Acquisition Corp.*, 408 U.S. 847, 863 (1988). Such relief "should only be applied in 'extraordinary circumstances.'" *Id.* at 864 (quoting *Ackermann v. United States*, 340 U.S. 193 (1950). Villegas does not offer any reasons for relief under Rule 60(b)(6) other than those offered for relief under Rule 60(b)(1). Those reasons do not suffice to meet the 60(b)(1) standard and are not "extraordinary circumstances, thus they must also fail under Rule 60(b)(6).

---

[7] The Court's conclusion is similar to the result in *Tung Tai Group v. Oblon*, 2010 WL 2681962 (N.D.Cal. July 6, 2010). In that case the court found that a failure to offer a credible explanation for not filing an opposition to summary judgment outweighed a reasonable delay and no evidence of undue prejudice or bad faith. *Id.* at *4.

Relief under Rule 60(d)(2)

Rule 60(d)(2) states that "[Rule 60] does not limit a court's power to... grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action." The plaintiff's reliance on Rule 60(d)(2) is misplaced. "Rule 60(d)(2) incorporates by reference 28 U.S.C. § 1655, which, in turn, concerns actions 'to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property.'" *Bay Area Painters and Tapers Pension Trust Fund v. De Martinez Painting, Inc.*, 2010 WL 2382418 at *2 (N.D.Cal. June 10, 2010). The plaintiff's claim of excessive force does not involve the types of actions referenced in 28 U.S.C. § 1655. Therefore, Rule 60(d)(2) does not afford him an avenue of relief from this Court's original judgment.

**THUS DONE AND SIGNED**, this 9 day of August, 2011.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE